UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROSANNE L COOK, as Trustee for the next-of-kin of Albert Elwood Schwartz, | Case No. 22-CV-690 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER |
| SUPERIOR HEALTHCARE MANAGEMENT, LLC and SOUTHVIEW OPERATIONS, LLC, d/b/a Southview Acres Healthcare Center, | |
| Defendants. | |

Rosanne Cook sues Superior Healthcare Management, LLC ("Superior") and Southview Operations, LLC ("Southview") for the wrongful death of her father, Albert Elwood Schwartz. Cook proceeds with her case *pro se* and as the appointed trustee for the next-of-kin. Cook alleges that Defendants were negligent in caring for her father, and that their negligence caused his premature death. Defendants now move for judgment on the pleadings and Cook moves for default judgment. For the following reasons, the Court grants Defendants' motion and denies Cook's.

## BACKGROUND

Southview is a residential healthcare facility in Minnesota. (ECF No. 8 at 3–7 ("Am. Compl.") ¶ 2.) Schwartz lived at Southview from 2015 until he died in 2020. (*Id.* ¶¶ 5, 10.)

In March 2020, the CDC announced the presence of COVID-19, a highly contagious and potentially deadly virus. (*See id.* ¶ 6.) A few months later, Schwartz's roommate at Southview began experiencing symptoms of COVID-19. (*Id.* ¶ 7.) Although Schwartz's roommate was tested for COVID-19, he was not immediately isolated from their shared room. (*Id.*) Test results later confirmed that Schwartz's roommate had contracted the virus, and Schwartz tested positive for COVID-19 soon afterward. (*Id.* ¶¶ 8–9.) Schwartz experienced "severe respiratory symptoms" and declining health until he died ten days after testing positive. (*Id.* ¶¶ 9–10.) Cook, who is Schwartz's daughter, sued Defendants for wrongful death as the appointed trustee for the next-of-kin. Cook alleges that Southview negligently caused her father's death by failing to implement proper protective measures, including failing to maintain sufficient staff, failing to isolate symptomatic residents, ignoring CDC guidelines, and failing to properly train staff. (*Id.* ¶¶ 11, 16–30.) Defendants now move for judgment on the pleadings and Cook moves for default judgment in her favor.

## ANALYSIS

### I. Defendants' Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings at any point after the close of the pleadings, so long as it moves early enough to avoid a delay of trial. Fed. R. Civ. P. 12(c). A court generally assesses a motion for judgment on the pleadings under the same standards as a

Rule 12(b)(6) motion. *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018).

The Court grants Defendants' motion for judgment on the pleadings because Cook cannot legally litigate her wrongful death claims *pro se*. "In all courts of the United States [individuals] may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Yet the right to proceed *pro se* is not limitless. In general, courts restrict non-attorneys from representing the interests or rights of other parties. So, "when an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (cleaned up and citation omitted).

Under Minnesota law, wrongful death claims may be brought by an appointed trustee. Minn. Stat. § 573.02, subdiv. 1. In her complaint, Cook pleads that she has received a court appointment under state law to serve as the trustee for the current lawsuit on behalf of the next-of-kin of her father. (Am. Compl. ¶ 1.) Cook is not the sole beneficiary of her father's estate. (*See* ECF No. 71-1 at 1–2 (public record listing six next-of-kin).) And she also concedes she is not an attorney. (ECF No. 73 at 2.)

The law is clear that as a non-attorney, Cook may not engage in the practice of law on behalf of others. *Jones*, 401 F.3d at 953 (collecting cases). Because she is trustee for an estate with multiple beneficiaries, Cook is incorrect that she is "simply advancing her own case or representing her own interests." (ECF No. 73 at 1.)[1] Cook cannot proceed with her case *pro se*. And none of the non-binding cases cited by Cook suggest otherwise.[2]

The Court determines that Cook has no right to proceed *pro se* under Section 1654 because, as a non-attorney, she may not represent the rights of others in federal court. After granting the motion to withdraw, the Court provided Cook ample time to find new counsel, but she failed to do so. (*See* ECF Nos. 55, 57, 63.) The Court grants Defendants' motion and dismisses the lawsuit without prejudice.

## II.     Plaintiff's Motion for Default Judgment

Days before the Court's hearing on the motion for judgment on the pleadings, Cook filed an improper motion attempting to resolve this lawsuit in her favor. Cook entitles her motion as both a "Motion to Dismiss" and a "Motion for Default Judgment."

---

[1] Cook filed two similar, but not identical, memoranda in opposition to Defendants' motion. (*Compare* ECF No. 73, *with* ECF No. 74.) The Court to treats her first filing as the active document. (ECF No. 73.)

[2] *See, e.g., Procopio v. Super 8 Worldwide, Inc.,* No. 5:20-CV-101-BO, 2021 WL 2639038, at *3 (E.D.N.C. May 24, 2021) (determining only that the plaintiff had made "a sufficient preliminary showing of his right to proceed on behalf of [the] estate" to proceed *in forma pauperis*), *report and recommendation adopted*, 2021 WL 2637328 (E.D.N.C. June 25, 2021); *In re Ellis*, 487 P.2d 286, 290 (Haw. 1971) (holding that a non-attorney plaintiff could *not* proceed *pro se*, as the trustee of an estate, because he was attempting to engage in the unauthorized practice of law).

(ECF No. 78; ECF No. 79 at 1–2.) The Court treats Cook's motion as one for default judgment. Cook asserts that, because Defendants failed to file a timely answer, she is entitled to judgement in her favor. (ECF No. 79 at 4–6.) Since Cook cannot proceed *pro se*, the Court cannot consider this motion. And regardless, though the Answer was untimely filed, the Court would not grant the plaintiff default in this circumstance. Defendants are clearly litigating the case and have now filed an Answer. The Court denies the motion.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Cook's motion to dismiss (ECF No. 73) is DENIED;

2. Cook's motion for default judgment (ECF No. 78) is DENIED; and

3. Defendants' motion for judgment on the pleadings (ECF No. 68) is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 17, 2023                BY THE COURT:

                                        s/Nancy E. Brasel
                                        Nancy E. Brasel
                                        United States District Judge